IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:95-cr-264-M (01) |
| | § | |
| JOSE PAZ GARCIA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Jose Paz Garcia, a federal prisoner, has filed, under Federal Rule of Civil Procedure 60(b), a *pro se* Motion to Reopen His Timely Filed 28 U.S.C. § 2255 Motion to Vacate, Set Aide, or Correct Sentence [Dkt. No. 1007] (the "Motion to Reopen"). Chief Judge Barbara M. G. Lynn has referred the Motion to Reopen to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 1008.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, to the extent that the Motion to Reopen is substantive, the Court should construe it is an unauthorized successive 28 U.S.C. § 2255 motion to vacate and therefore deny it without prejudice to Defendant's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file such a motion and, to the extent that the motion is truly one under Rule 60(b), the Court should deny the motion.

The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special

Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation

## Applicable Background

On May 17, 1996, a jury found Defendant guilty of conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, and unlawful reentry into the United States following deportation and subsequent to a conviction for a felony offense, in violation of 8 U.S.C. § 1326. On December 18, 1996, he was sentenced to Life imprisonment as to the drug-conspiracy conviction and 10 years as to the illegal-reentry conviction. *See* Dkt. Nos. 593 & 705. Defendant appealed, and the criminal judgment against him was affirmed. *See* Dkt. Nos. 767 & 772; *United States v. Ramirez*, 145 F.3d 345 (5th Cir. 1998).

In 1999, Defendant filed his initial Section 2255 motion, *see* Dkt. No. 796, which the Court denied later that year, *see* Dkt. Nos. 813 & 814; *see also Garcia v. United States*, No. 3:99-cv-1698-P (N.D. Tex. Dec. 8, 1999), *appeal dismissed*, No. 00-10195 (5th Cir. June 12, 2000). Defendant was denied leave to file a successive Section 2255 motion. *See In re Garcia*, No. 05-11366 (5th Cir. Dec. 30, 2005). Defendant then filed a petition the Court construed as seeking relief under Section 2255. *See* Dkt. Nos. 903, 904 & 905. And, more recently, Defendant unsuccessfully sought relief under the 2014 retroactive amendments to the sentencing guidelines that reduced the base offense levels applicable to most quantities on the drug and chemical quantity tables. *See* Dkt. Nos. 929, 941, 943, 947, 970, 971, & 972.

## Legal Standards

Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment or order. Therefore, to the extent that Defendant "is challenging his criminal judgment of conviction" – by filing this motion in his criminal action – Rule 60(b) "is inapplicable and cannot provide him any relief on the claims he alleges." *Mayes v. Quaterman*, Civ. A. No. H-06-2680, 2007 WL 1465994, at *1 n.1 (S.D. Tex. May 16, 2007) (explaining that "[w]hile Rule 60(b) of the Federal Rules of Civil Procedure does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction § 2255 proceedings" (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005))).[1]

But, because it appears that the substance of the motion under Rule 60(b) concerns Defendant's initial Section 2255 motion, "the court must first determine whether the motion 'should be treated as a second or successive [Section 2255 motion or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *cf. In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and

---

[1] *See also United States v. Masserano*, Crim. A. No. H-92-0225 & Civ. A. No. H-06-2980, 2007 WL 470649, at *3 (S.D. Tex. Feb. 12, 2007) ("[B]ecause Masserano is challenging his criminal judgment of conviction, not his prior § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges herein."); *United States v. Aird*, Crim. No. 98-0057-WS, 2008 WL 2157146, at *2 (S.D. Ala. May 14, 2008) ("With respect to Aird's motion seeking vacatur of the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a wall of precedent unequivocally forbids him from utilizing Rule 60(b) in this manner." (collecting cases, including *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings.))).

Effective Death Penalty Act of 1996 (the "AEDPA")] on second-or-successive habeas

petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final

judgments, federal courts examine Rule 60(b) motions to determine whether they are,

in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*,

545 U.S. 524, 531-32 (2005))); *Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010)

("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second

request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed

several years after an inmate's Section 2254 application had been denied, is in some

circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a
> subsequent habeas petition and a Rule 60(b) motion along the lines of
> substance and procedure. A motion is substantive – and thus a successive
> habeas petition – if it "seeks to add a new ground for relief," or if it
> "attacks the federal court's previous resolution of a claim on the merits,
> since alleging that the court erred in denying habeas relief on the merits
> is effectively indistinguishable from alleging that the movant is, under
> the substantive provisions of the statutes, entitled to habeas relief." If,
> however, the motion challenges "not the substance of the federal court's
> resolution of a claim on the merits, but some defect in the integrity of the
> federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes

omitted).

"While the *Gonzalez* court declined to consider whether its analysis would be

equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th

Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the United States Court

of Appeals for the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases,"

*id.* (collecting cases); *see, e.g., United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir.

2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)).

Here, Defendant asserts that allegedly ineffective assistance by the attorney representing him in the initial Section 2255 proceeding "deprived [him] of a first unimpeded opportunity to have his cognizable constitutional claims presented and decided upon their merits," such that Defendant's "[c]laims were deemed procedurally defaulted by the ineffective assistance of his counsel during his initial ... proceedings" under Section 2255. Dkt. No. 1007 at 5. Defendant bases this argument on a narrow exception to the procedural-bar doctrine applicable to Texas prisoners seeking federal-habeas review under 28 U.S.C. § 2254 established by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and found applicable to Texas cases in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), *see, e.g.,* Dkt. No. 1007 at 6 ("A careful reading mandate[s] application of these holdings to [Defendant's] situation and militates in favor of allowing [him] one unimpeded changed at having his otherwise procedurally defaulted ineffective assistance of counsel claims presented and resolved on their merits.").

"In *Martinez*, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their

-5-

IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition.

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing *Trevino*, 133 S. Ct. at 1921); *see also Adams v. Stephens*, No. 4:14-cv-395-O, 2015 WL 5459646, at *4 (N.D. Tex. Sept. 17, 2015) ("*Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute 'cause' to excuse a habeas petitioner's procedural default of a claim. *Trevino* merely established an exception to the procedural default rule...." (citation omitted)).

## Analysis

Liberally construed, Defendant asserts through the Motion to Reopen that the alleged ineffectiveness of the attorney who filed his initial Section 2255 motion was a defect in that proceeding, but he also asserts that – because of that alleged defect – he should be allowed to now bring a substantive Sixth Amendment claim against his "trial, sentencing, and appellate counsel." Dkt. No. 1007 at 6.

A Rule 60(b) motion that "seeks to re-open the proceedings for the purpose of adding new claims ... is the definition of a successive claim. Indeed, it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim." *In re Edwards*, Nos. 17-10066 & 17-70003, ___ F. App'x ____, 2017 WL 367985, at *4 (5th Cir. Jan. 25, 2017) (per curiam) (discussing *Coleman*, 787 F.3d at 371-72, and observing that, "in *Coleman*, we held that arguments about counsel's failure to discover and present particular arguments sounded in substance, not in procedure"); *see also Gonzalez*, 545 U.S. at 532 n.5 ("[A]n attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings,

but in effect asks for a second chance to have the merits determined favorably."
(citation omitted)); *Wilborn v. United States*, ___ F. App'x ____, No. 15-14458-BB, 2016
WL 6804892, at *1 (11th Cir. Nov. 17, 2016) (per curiam) (determining that a "Rule
60(b) motion was a successive § 2255 motion because it sought to present a new ground
for relief from a judgment of conviction," finding the assertion "that, due to ineffective
assistance of post-conviction counsel, claims were not raised before the district court"
"effectively asked for an opportunity to raise these new claims for relief from judgment
of his conviction" (citations omitted)); *accord United States v. Lee*, 792 F.3d 1021,
1023-25 (8th Cir. 2015); *United States v. Ainsworth*, 631 F. App'x 626, 628 (10th Cir.
2015) (per curiam).

Therefore, to the extent that Defendant seeks to assert a new Sixth Amendment
claim, the assertion of a new claim in a Rule 60(b) motion is a successive Section 2255
motion in disguise. And Defendant's failure to obtain authorization from the Fifth
Circuit under Section 2244(b)(3) before filing such a motion "acts as a jurisdictional bar
to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants
Defendant] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir.
2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003);
*Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive § 2255 motion
> without prejudice pending review by a three-judge panel of the Fifth
> Circuit[, but] it is also appropriate to transfer the successive motion
> to the Fifth Circuit for a determination of whether [Defendant] should be
> allowed to file the successive motion in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712,

at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir.

2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt.

No. 7 (N.D. Tex. July 28, 2003).

Given Defendant's history of filing pleadings that are substantively

unauthorized successive Section 2255 motions, "a dismissal without prejudice appears

more efficient and better serves the interests of justice than a transfer in this

instance." *King*, 2003 WL 21663712, at *1.

That conclusion does not end the Court's analysis, however, because here it

appears that the initial Section 2255 motion included a claim that Defendant "received

ineffective assistance of counsel." Dkt. No. 1007 at 4. And, as the Fifth Circuit had held

in the state-habeas context (and later extended to Section 2255 proceedings), "a Rule

60(b) motion [does] not raise a new claim for ineffective assistance of counsel – and

thus [is] not an unauthorized successive § 2254 petition – where the original § 2254

petition raised an ineffective assistance of counsel claim." *Brown*, 547 F. App'x at 642

(recounting the holding of *Balentine*, 626 F.3d at 848-49).

But, even if the Court construes the Motion to Reopen as a true Rule 60(b)

motion – because, instead of adding a new Sixth Amendment claim(s), Defendant

asserts a defect in the adjudication of Sixth Amendment claims previously presented

– the motion still should be denied.

First, Defendant's reliance on *Martinez* and *Trevino* is misplaced. As explained

by the United States Court of Appeals for the Eighth Circuit in *Lee*, in a similar

context – a motion ostensibly filed under Rule 60(b) by a Section 2255 movant –

*Martinez* and *Trevino* "are inapposite ... since they involved federal habeas review of state court decisions under § 2254." 792 F.3d at 1024. Moving past *Martinez* and *Trevino*, "[t]he only provision that might possibly apply to [Defendant's] claim of ineffective assistance of counsel in connection with his habeas proceeding is Rule 60(b)(6)." *United States v. Barajas*, Case Nos. 10-20077-02-JWL & 14-2475-JWL, 2016 WL 3000352, at *1 (D. Kan. May 25, 2016).

"Relief under Rule 60(b)(6) is 'extraordinary' and may only be granted in exceptional circumstances, which will occur only rarely in the habeas context." *Id.* (citing *Gonzalez*, 545 U.S. at 535). "[B]ecause habeas petitioners have no constitutional right to counsel, the integrity of a habeas proceeding cannot be impugned under Rule 60(b)(6) using the standard established in *Strickland v. Washington*, 466 U.S 668 (1984)." *Id.* (citing *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)). Instead, such a Rule 60(b)(6) movant "'must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all.'" *Id.* (quoting *Harris*, 367 F.3d at 81; citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949) (characterizing that decision as "concluding that relief was justified under Rule 60(b)(6) where the petitioner was deprived of any reasonable opportunity to defend against the charges")); *accord Wells v. United States*, Nos. 3:07-cv-1152-G & 3:99-cr-112-G (02), 2007 WL 2192487, at *2 (N.D. Tex. July 27, 2007); *Royal v. United States*, Nos. W-90-CR-104 & W-12-CA-00104, 2012 WL 12925076, at *2 (W.D. Tex. Sept. 12, 2012). There are no abandonment allegations here.

And, even if there were, the motion is untimely because, under Federal Rule of Civil Procedure 60(c)(1), a Rule 60(b)(6) motion "'must be made within a reasonable time,' unless good cause can be shown for the delay." *Edwards*, 2017 WL 367985, at *7 n.3 (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)).

> "Good cause" for a reasonable delay must be evaluated on a case-by-case basis. The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment. Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though the determination of reasonableness is less than a scientific exercise. Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless.

*Id.* (citations and internal quotation marks omitted).

The basis of Defendant's current motion – his habeas counsel's alleged ineffectiveness – was known to him when the Court denied his initial Section 2255 motion – almost 17 years prior to his filing the current motion. This lengthy delay is not reasonable. And Defendant has not shown "good cause" for such an unreasonable delay.

## Recommendation

For the reasons and to extent explained above, the Court should deny the Motion to Reopen filed under Rule 60(b) [Dkt. No. 1007]. The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE