IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JOSE PAZ GARCIA (1)

Case No. 3:95-CR-00264-M

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

### ORDER

Upon motion of the defendant to the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

 If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

1

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ DEFERRED pending supplemental briefing.  The court DIRECTS the United States Attorney to file a response on or before _____, 2020, along with all Bureau of Prisons records [medical, institutional, administrative] supporting the approval or denial of this motion.

☒ DENIED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES as required by 18 U.S.C. § 3582(c)(1)(A) (failure to fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; the lapse of 30 days from the receipt of such a request by the Warden, whichever is earlier).

Defendant Garcia does not state, or provide evidence to support, that he has exhausted his administrative remedies.  Even if Garcia had exhausted his administrative remedies, his motion still fails on the merits for the reasons stated in the following section.

☒ DENIED after complete review of the motion on the merits under 18 U.S.C. § 3582(c)(1)(A). Factors considered (optional):

Defendant Garcia's Motion for Compassionate Release [ECF No. 1059] does not identify extraordinary or compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)(A) & cmt. n.1. A jury found Garcia, 67, guilty of conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, and unlawful reentry into the United States following deportation and subsequent to a conviction for a felony offense, in violation of 8 U.S.C. § 1326.  He was sentenced to life imprisonment for the drug conspiracy conviction and 10

years for the illegal reentry conviction.  Garcia asks the Court to reduce his sentence.  He states that his wife has breast cancer and is in the early stages of Alzheimer's disease, and his daughter has liver disease.  Although the Court is sympathetic to Defendant because of these conditions, the allegations are not sufficient under § 3582(c)(1)(A) to constitute extraordinary and compelling reasons for compassionate release.  Accordingly, Garcia's Motion for Compassionate Release is denied.

**SO ORDERED**.

January 14, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE